# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| GARVENS MICHEL | : | DOCKET NO. 2:09-cv-0241 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE MELANCON |
| MICHAEL MUKASEY, ET AL. | : | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Garvens Michel, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner is a native and citizen of Haiti. He entered the United States as a visitor on August 31, 1998 with a valid visa, which he subsequently overstayed. *See* Government Exhibit 1.

On January 31, 2001, petitioner was served with a Notice to Appear charging that he was subject to removal because he had remained in the United States longer than permitted pursuant to 8 U.S.C. § 1227(a)(1)(B). *See* Government Exhibit 2. In 2002, petitioner claimed asylum, but the application was subsequently withdrawn. *See* Government Exhibit 1.

Thereafter, petitioner was arrested on numerous charges including resisting an officer (11/23/02), battery (11/23/02), battery on a pregnant female (1/12/03), and aggravated battery on a pregnant female (2/14/03). *Id.*

Immigration detainers were issued to the Sheriff of Palm Beach County, Florida on February 15, 2003, where petitioner was apparently detained on criminal charges. *See* Government Exhibit 3. Petitioner was served with an immigration warrant for his arrest on March 17, 2003 and was also provided notice that he was to be detained in custody of the ICE. *See* Government Exhibits 4 and 5.

Following a re-determination hearing by the Immigration Court, on May 13, 2003, petitioner was released under an immigration bond in the amount of $2,500.00, pending removal proceedings. *See* Government Exhibits 7 and 8.

Thereafter, petitioner was arrested on numerous charges including Failure to Appear (6/3/03), Resisting an Officer (10/28/04) and Battery (9/19/05). *See* Government Exhibit 1.

On November 28, 2006, petitioner's request for asylum was approved, and the Immigration Judge set a deadline for petitioner to file his form I-485 for relief from removal. *Id*. During a hearing conducted on June 25, 2007, the Immigration Court found that petitioner's form I-485 had been untimely filed and accordingly, the court considered the application abandoned. Petitioner was therefore Ordered removed to Haiti. *See* Government Exhibit 9. Petitioner's Motion to Reopen was denied on September 13, 2007. *See* Government Exhibit 10.

On November 5, 2007, a Notice of Immigration Bond Breach was issued to the National Bonding Corporation, the entity which issued petitioner's $2,500.00 bond, because it had failed to deliver petitioner to the ICE. *See* Government Exhibit 11.

On June 12, 2008, petitioner was taken into ICE custody. He refused to sign several documents necessary for his repatriation: a document providing notification to the Haitian Consulate of his detention, a form I-229(a) Warning for Failure to Depart, an instruction sheet and a Fiche Signaletique du Deporte. *See* Government Exhibits 12-15. On July 22, 2008, petitioner again refused to sign a second form I-229(a) and a second Fiche Signaletique du Deporte. *See* Government Exhibits 16 and 17.

On July 18, 2008, a travel document request was submitted to the Haitian Consulate on behalf of petitioner. *See* Government Exhibit 18.

Petitioner's Emergency Motion to Reopen and Motion for a Stay of Deportation was denied on July 18, 2008. *See* Government Exhibit 19. A travel document was submitted to the Haitian Consulate on August 4, 2008. *See* Government Exhibit 20.

A decision to Continue Detention was issued on October 31, 2008 following a post-order custody review. *See* Government Exhibit 23. The decision and comments of the review team indicate that a travel document had been issued by the Consulate General of Haiti for petitioner's return and that he had been scheduled for a repatriation flight on August 26, 2008. However, his flight was canceled because Haiti had been stricken by a hurricane which had caused damage to the country. Accordingly, petitioner was to be

rescheduled for removal as soon as conditions in Haiti improved.  *See* Government Exhibits 22 and 23.

Request for a travel document were submitted to the Haitian Consulate on behalf of petitioner on January 22, 2009 and February 11, 2009.  *See* Government Exhibits 24 and 26.  Those requests remain pending.  On February 6, 2009, Headquarters determined that petitioner should remain in ICE custody because petitioner's removal was "likely", given that charter flights to Haiti were expected to be resumed in March 2009. *See* Government Exhibit 25.

Petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention, on February 10, 2009.  Petitioner states in his petition that he is subject to a final removal order and has been in post-removal-order custody pursuant to INA § 241 for more than 6 months.  He challenges his detention as indefinite and claims that his removal is not likely to occur in the reasonably foreseeable future.  On March 4, 2009, the court ordered the respondents to respond to this petition.

The respondents have filed a response wherein they argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future. The response points out that Haiti previously issued a travel document for petitioner and his removal would have been effected had Haiti not suffered hurricane damage.  The response additionally notes that at the present time, Haiti has not refused to issue a travel document for petitioner, and given its previous issuance, refusal by the Haitian

government is unlikely. Thus, the respondent argues that petitioner has failed to establish that his removal is not likely to occur in the reasonably foreseeable future.

## LAW AND ANALYSIS

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, petitioner has been in post-removal-order detention since May 14, 2008, a period greater than six months. However, this does not mean that petitioner is automatically entitled to release. In order for petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is

5

no significant likelihood of removal in the reasonably foreseeable future. This showing has not been made in this case.

It is undisputed that petitioner is a Haitian citizen, and the petitioner has not produced any evidence to establish that the Consulate of Haiti has declined to issue a travel document for him. To the contrary, a travel document has previously been issued for petitioner's return to Haiti, and had it not been for the hurricane, petitioner's removal would have already been effected. To support his assertion that his detention is indefinite petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas*.

However, in *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543 *quoting Zadvydas*, 121 S.Ct. at 2505. The Fifth Circuit also held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade v. Gonzales,* 459 F.3d at 543-44.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate at this time that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States. In so finding, the court notes that by Reply petitioner asserts, without supporting evidence, that Haiti has ceased issuance of travel documents for its citizens and that there is no date for issuance of these documents to resume. The court also notes that the newspaper article attached as an exhibit to petitioner's Reply suggests the opposite, stating that given the hurricane damage to Haiti, it "came as an utter shock [to the author] to hear that our government recently decided to start deporting people to this fragile nation." [rec. doc. 9, pg. 13].

However, under the circumstances, the right of petitioner to again file for relief pursuant to 28 U.S.C. § 2241 if he has not been removed from the United States within 6 months from this date is reserved to him.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a

final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, April 20, 2009.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE